1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

7
8

STEPHEN SZCZEPANIK,               )        3:03-CV-0043-HDM (RAM)
                                  )
9            Plaintiff,           )
                                  )
10                                )        <u>REPORT AND RECOMMENDATION</u>
       vs.                        )        <u>OF U.S. MAGISTRATE JUDGE</u>
11                                )
STATE OF NEVADA, NEVADA           )
12 DEPARTMENT OF CORRECTIONS,      )
LOVELOCK CORRECTIONAL             )
13 CENTER, NEVADA DISABILITY       )
ADVOCACY AND LAW CENTER,          )
14                                )
            Defendants.           )
15 _____ )

16          This Report and Recommendation is made to the Honorable Howard D. McKibben,

17  Senior United States District Judge.  The action was referred to the undersigned Magistrate

18  Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

19           Before the court is Defendants' Motion for Summary Judgment (Doc. #52).  Plaintiff

20  opposed the motion (Doc. #57).  For the reasons set forth below, Defendants' Motion for

21  Summary Judgment (Doc. #52) should be granted in part and denied in part.

22                              **BACKGROUND**

23          Plaintiff is an inmate at Lovelock Correctional Center (LCC).  Plaintiff alleges that he

24  suffers from "numerous mental and physical disabilities" that resulted from the traumatic

25  experiences he endured as the result of a car accident that left him in a coma for a period and

26  then a severe beating he received while in custody of the Nevada Department of Corrections

27  (NDOC) at Southern Desert Correctional Center (SDCC). (Doc. #57).  Plaintiff alleges that

28  Defendants have discriminated against him because of his disabilities, in violation of the

Americans with Disabilities Act (ADA), the Rehabilitation Act (RA), and the Religious Freedom Restoration Act (RFRA). (Doc. #19). The discrimination Plaintiff alleges consists of what Plaintiff perceives as improper treatment of his mental condition, Defendants' alleged refusal to provide Plaintiff with a single cell, and Defendants' alleged placement of Plaintiff in "lockdown" thereby depriving him of all sorts of services available at the prison, including religious services. (*Id.*).

## DISCUSSION

### I.    Standard for Summary Judgment

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). The moving party is entitled to summary judgment where, viewing the evidence and the inferences arising therefrom in favor of the nonmovant, there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV P. 56(c); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). Judgment as a matter of law is appropriate where there is no legally sufficient evidentiary basis for a reasonable jury to find for the nonmoving party. FED. R. CIV. P. 50(a). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995), cert. denied, 516 U.S. 1171 (1996).

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials of the pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Although the parties may submit evidence in an inadmissible form, only evidence which might be admissible at trial may be considered by

2

1   a trial court in ruling on a motion for summary judgment.  FED. R. CIV. P. 56(c); *Beyene v.*

2   *Coleman Sec. Serv., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988).

3          In evaluating the appropriateness of summary judgment, three steps are necessary:

4   (1) determining whether a fact is material; (2) determining whether there is a genuine issue

5   for the trier of fact, as determined by the documents submitted to the court; and (3)

6   considering that evidence in light of the appropriate standard of proof.  *Anderson*, 477 U.S.

7   at 248.   As to materiality, only disputes over facts that might affect the outcome of the suit

8   under the governing law will properly preclude the entry of summary judgment.   Factual

9   disputes which are irrelevant or unnecessary will not be considered.  *Id.*  Where there is a

10  complete failure of proof concerning an essential element of the nonmoving party's case, all

11  other facts are rendered immaterial, and the moving party is entitled to judgment as a matter

12  of law.  *Celotex*, 477 U.S. at 323.  Summary judgment is not a disfavored procedural shortcut,

13  but an integral part of the federal rules as a whole.  *Id.*

14  **II.    Americans with Disabilities Act and the Rehabilitation Act**

15         Title II of the ADA, and § 504 of the RA, "both prohibit discrimination on the basis of

16  disability."  *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002).  The ADA applies only

17  to public entities.  *Id.*  The RA, in contrast, applies to all federally funded programs.  *Id.*  In

18  *Pennsylvania Dep't of Corrections v. Yeskey*, 524 U.S. 206 (1998), the United States Supreme

19  Court made clear that the ADA applies to state prisons.

20         Title II prohibits discrimination against "qualified" people with disabilities.  *See* 42

21  U.S.C. § 12131 (defining a "qualified person with a disability" as a person who "meets the

22  essential eligibility requirements for the receipt of the services").  If a public entity denies an

23  otherwise qualified individual meaningful access to its services, programs, or activities solely

24  by reason of his or her disability, that person may have an ADA claim against the public entity.

25  *Weinreich v. Los Angeles County Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997).

26  Likewise, under the RA, programs that receive federal funding are prohibited from excluding

27  an other wise qualified individual "solely by reason of his or her disability."  29 U.S.C. § 794.

28

3

To establish a violation of § 504 of the RA a plaintiff must show that: (1) he or she is disabled within the meaning of the RA; (2) he or she is otherwise qualified for the benefit or services sought; (3) he or she was denied the benefit or services solely by reason of his or her disability. *Roe v. Nevada*, 332 F.Supp. 2d 1331, 1339 (2004). The elements of a Title II ADA claim are roughly equivalent: (1) the individual must be a qualified individual with a disability, (2) he or she must have been excluded from participation in or denied the benefits of a public service, program, or activity, (3) such exclusion, denial, or discrimination was by reason of the disability. *Weinreich*, 114 F.3d at 978.

Analysis of whether Plaintiff is disabled with the meaning of the acts

Under the ADA, a "disability" is defined as: (1) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (2) a record of such an impairment; and (3) being regarded as having such an impairment. 42 U.S.C. § 12102(2). Under the RA, for purposes of cases brought under section 791 et. seq, "disability"Is defined as "a physical or mental impairment that substantially limits one or more major life activities." 29 U.S.C. § 705(9)(b).

Depression and stress can be covered by the ADA. *Holihan v. Lucky Stores*, 87 F.3d 362, 366 n. 3 (9th Cir. 1996). For purposes of the case before us, the same standards cover the RA and the ADA. *Coons v. Sec'y of the United States Dep't of the Treasury*, 383 F.3d 879 (9th Cir. 2004); *see also Calero-Cerezo v. United States DOJ*, 355 F.3d 6, 12 (1st Cir. 2004). Thus, depression and stress can also be covered by the RA. However, under both statutes, whether or not these conditions may be considered impairments depends on whether the condition resulted from a documented psychological or mental disorder. *Holihan*, 87 F.3d at 366 n. 3. Further, the impairment must limit a major life activity. 42 U.S.C. § 12102(2)(A).

Plaintiff alleges that he suffers from depression, post traumatic stress disorder, and "mental learning disabilities." (Doc. #57). Further, Plaintiff alleges that his disabilities severely limit his major life functions and activities of "walking, seeing, breathing, speaking, reading, learning, comprehending, working, etc." (Doc. #19). First, Plaintiff has presented

at least some evidence that he suffers from the alleged impairments of depression and stress. *See* Doc. #57, p. 8 (pre-sentence report relating comments of Dr. Paglini reporting Plaintiff's anxiety and depression).  Although Defendants' reading of the medical records leads them to the conclusion that Plaintiff is not depressed, Plaintiff has presented his own testimony as well as the opinion of Dr. Paglini, who apparently evaluated Plaintiff upon his reincarceration, that Plaintiff is, in fact, depressed.  Thus, summary judgment cannot be granted on the ground that Plaintiff does not have a disability since a dispute of material fact remains regarding this matter.  Second, Defendant has not set forth any evidence showing that Plaintiff's disability does not limit his major life activities in the way or ways he alleges.  Defendants' only argument in this regard is that "there is no indication that any "major life activity" has been affected."  (Doc. #52-1).  However, Defendant fails to provide any evidence to support this point.  Such a bare statement, without more details, falls short of sufficient evidence to show that Plaintiff's major life activities are not affected.[1]  Thus, summary judgment cannot be granted on the ground that Plaintiff's disability does not affect any major life activity since the Defendants' motion does not provide proof of that fact.

Analysis of whether Plaintiff was denied some benefit or service by reason his disability

_____ Next, in evaluating Plaintiff's RA claim, the court must analyze whether, assuming he can prove at trial that he is disabled within the meaning of the act, Plaintiff was otherwise qualified for the services he sought. *Roe v. Nevada*, 332 F.Supp. 2d at 1339.  Here, Defendants do not raise any arguments regarding whether or not Plaintiff was qualified for the services or activities he alleges he was denied.  As such, that element of the RA need not be examined for purposes of deciding this motion.

The inquiry, under both the RA and the ADA, next moves to an analysis of whether Plaintiff was denied some benefit or service by reason of his disability.  Although Defendants

---

[1]It is not clear why Defendants did not attach additional affidavits as proof that Plaintiff can, in fact, walk, see, breathe, speak, read, etc.  If, contrary to his allegations, Plaintiff is actually capable of these things, then surely someone in Defendants' employ must have observed Plaintiff engaging in such activities.

characterize Plaintiff's pleading as only complaining about the alleged discriminatory denial of a single cell and the alleged denial of appropriate mental health care (Doc. #52-1), the court's review of Plaintiff's amended complaint (Doc. #19) reveals that Plaintiff also alleges that he was placed in "total lockup" due to his "physical and mental health disabilities" and that as a result of being placed in lockup Plaintiff was denied various activities and services, including "self-help, education, and work programs, church services, use of law or regular libraries, going to dining hall to receive regular food, and other exercise activities and programs ..." (Doc. #19).

As evidence that Plaintiff has not been deprived of "any service, program, or activity nor has been discriminated against solely on account of his physical condition," Defendants attach the affidavit of Karen Walsh, Health Information Director for the NDOC. Her testimony supports the fact that Defendant "has been offered single cell status at ESP [Ely State Prison] but refuses to transfer voluntarily to ESP." (Doc. #52-2, Exh. A). It also supports the fact that Plaintiff has received many visits from prison mental health professionals. (*Id.*). However, it does not include any information about why Plaintiff was allegedly placed in "total lockup" and denied access to the programs and activities mentioned above. As such, summary judgment should be **<u>DENIED</u>** as to Plaintiff's claim that he was placed in lockup and deprived of prison services because of his disability.

Plaintiff does not offer any evidence to show that disputes of material fact remain regarding whether he was denied a single cell and/or mental health services because of his alleged disability. Instead, he argues in his opposition that Defendants' offer of a cell at ESP was retaliatory and that such an offer is not an acceptable accommodation of his alleged disability-related need for a single cell because single cells are available at LCC. (Doc. #57). Plaintiff further argues that even if he had accepted the transfer to ESP it would result in the same deprivation of services he now allegedly suffers since "ESP is a SuperMax prison that is under constant lockdown." (*Id.*). In response to Defendants' evidence regarding the mental health services he received, Plaintiff simply expresses his dissatisfaction with the lack of

1    privacy accompanying their provision, he does not dispute that he did receive such visits.

2    (*Id.*).  The court thinks Defendants have shown that even if Plaintiff is disabled, they did not

3    deprive him of a single cell or of mental health services because of his disability.  In fact, the

4    evidence attached to their motion shows that Plaintiff *was* offered a single cell and that he

5    *was* provided with mental health services.  As such, summary judgment should be **GRANTED**

6    on Plaintiff's ADA and RA claims regarding denial of a single cell and deprivation of mental

7    health services.[2]

8                                      **RECOMMENDATION**

9         **IT IS HEREBY RECOMMENDED** that the District Judge enter an Order

10   **GRANTING** in part and **DENYING** in part Defendants' Motion for Summary Judgment

11   (Doc #52-1).  Thus, Plaintiff's ADA and RA claims regarding the alleged deprivations he

12   suffered when placed in lockdown, allegedly because of his disability, should survive as well

13   as Plaintiff's RFRA claim, since Defendants' motion did not address that claim.

14        The parties should be aware of the following:

15        1.    That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the

16   Local Rules of Practice, specific written objections to this Report and Recommendation within

17   ten (10) days of receipt.  These objections should be titled "Objections to Magistrate Judge's

18   Report and Recommendation" and should be accompanied by points and authorities for

19   consideration by the District Court.

20   / / /

21

22        [2]Defendants' motion also makes arguments as to the Fourteenth and Eighth Amendments, "for
     sake of completeness."  However, the court does not read the amended complaint (Doc. #19) to include
23   any such claims for relief.  In fact, the amended complaint form was altered by Plaintiff in order to read
     "A.D.A. and Rehab Act Complaint" rather than "Civil Rights Complaint."  Later, in the section of the
24   amended complaint where jurisdiction is invoked, the plaintiff stresses that his complaint is "not a civil
     rights suit."  The court understand's Plaintiff's intention in this regard to be to bring the case under the
25   specific statutes he lists, not under 42 U.S.C. § 1983 under which many prisoner lawsuits are brought.
     The statutes he specifies are 42 U.S.C. § 12101, et. seq. (Americans with Disabilities Act), the "Rehab
26   Act", 29 U.S.C. § 791, et. seq. (Rehabilitation Act), and 42 U.S.C. § 2000bb (Religious Freedom
     Restoration Act).  Nowhere in the Amended Complaint does Plaintiff mention any of the Amendments
27   to the Constitution.  As such, we find that the amended complaint did not allege any other causes of
     action and so we do not address Defendants' arguments regarding these non-issues.

28                                         7

1        2.      That this Report and Recommendation is not an appealable order and that any

2    notice of appeal pursuant to Rule 4(a)(1), Fed. R. Civ. P., should not be filed until entry of the

3    District Court's judgment.

4          DATED:   March 22, 2007.

5

6    _____

7         UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28